UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                        :
EDY COLON,                                  :
                                        :
                       Plaintiff,   :
                                        :                        21-CV-8699 (VSB)
             -against-                  :
                                        :                    **OPINION & ORDER**
                                        :
THE MORGAN GROUP LLC et al.,    :
                                        :
                       Defendants.  :
-------------------------------------------------------------X

Meredith Reade Miller
Miller Law, PLLC
New York, New York

Marc Andrew Rapaport
Rapaport Law Firm, PLLC
New York, New York

*Counsel for Plaintiff*

Elizabeth Margaret Brown
Rosenberg & Estis, P.C.
New York, New York

*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      On or about March 1, 2022, the parties reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case. (*See* Doc. 19-1 ("Settlement").) Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 806–07 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Because I find that the Settlement in this action is fair and

1

reasonable, the parties' request to approve it is GRANTED.

## I. Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.*  The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted).  A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).  An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement

or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II. Procedural History

Plaintiff Edy Colon ("Plaintiff") commenced this action on October 22, 2021. (Doc. 1.) Defendants' counsel appeared on December 1, 2021, (Doc. 10), and this case was referred to mediation on December 3, 2021, (Doc. 13.) After the mediator reported that settlement had been reached on all issues, on February 11, 2022, on March 19, 2022, the parties filed a joint letter motion seeking approval of the Settlement. (Doc. 19 ("Settlement Ltr.").)

## III. Discussion

I have reviewed the Settlement, the supporting letter motion, and Plaintiff's counsel's time records to determine whether the terms are fair, reasonable, and adequate. I find that they are.

### A. *Settlement Amount*

I first consider the settlement amount. The Settlement provides Plaintiff with $65,000 inclusive of attorney's fees and expenses. (Settlement ¶ 1.)[1] Plaintiff states that his "best case scenario" recovery would be "(i) $4,444.02 in unpaid minimum wages; (ii) $119,110.50 in unpaid overtime; and (iii) [$10,000.00] in wage statement and wage notice claims." (Settlement Ltr. 2.)[2] Plaintiff then says that the amounts calculated "[f]or settlement purposes . . . did not include liquidated damages and pre-judgment interest." (*Id.*) Factoring in liquidated damages,[3] Plaintiff's

---

[1] "Settlement" refers to the Negotiated Settlement Agreement and Release filed with the Court for approval. (Doc. 19-1.)

[2] The parties' joint letter states that Plaintiff's best case scenario includes "$10,00.00 in wage statement and wage notice claims." The parties clearly meant to write $10,000. The relevant sources of law provide for "$5,000 in wage-notice statutory damages and $5,000 in wage-statement statutory damages." *Pena v. Metro. Wireless Anandpur Inc.*, 21-cv-2239 (LJL), 2021 WL 5054368, at *4 (S.D.N.Y. Nov. 1, 2021).

[3] "The FLSA provides that an employer who underpays an employee is 'liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.'" *Rana v. Islam*, 887 F.3d 118, 122 (2d Cir. 2018) (quoting 29 U.S.C. § 216). Because of this, when assessing the fairness of a settlement amount in a FLSA action, courts in this circuit consider a "maximum possible recovery" that includes "liquidated damages." *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 322 (S.D.N.Y. 2021); *Zorn-Hill v. A2B Taxi LLC*, Case No. 19-CV-1058 (KMK), 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) ("The percentages provided by the Parties undercount the [p]laintiffs' alleged damages and best-case return" because "they do not include liquidated damages"); *Vargas v.*

total possible recovery would be $265,997.08; the Settlement's total amount of $65,000 is thus around 24.4% of Plaintiff's total possible recovery. I find this amount fair and reasonable and in line with other cases approving FLSA settlements in this circuit. *See Nash v. Countywide Carting, LTD*, 19-CV-9138 (AEK), 2022 WL 602998, at *2 (S.D.N.Y. Mar. 1, 2022) (explaining that courts have approved settlement amounts as low as "approximately 18% of [p]laintiff's total alleged damages" and collecting cases); *see also Zorn-Hill v. A2B Taxi LLC*, Case No. 19-CV-1058 (KMK), 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) ("Several courts have approved settlements that provide around one-quarter or one-third of total alleged damages.")

### B.  *Attorneys' Fees*

A district court in this Circuit, in its discretion, may calculate attorneys' fees using either the lodestar method or the percentage of the fund method. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). "[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third the total recovery." *Zorn-Hill*, 2020 WL 5578357, at *6 (citations omitted). Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481–82 (S.D.N.Y. 2013) (awarding "approximately 6.3 times" the lodestar and stating "[c]ourts regularly award lodestar multipliers of up to eight times the lodestar").

Of the $65,000 total settlement amount, the Settlement awards Plaintiff's counsel $19,078.76, which represents $17,858.26 in fees and $1,220.50 in costs. (Settlement Ltr. 4.) The amount of fees and costs together are approximately 29% of the total Settlement amount. Plaintiff also includes a retainer letter through which Plaintiff retained counsel and agreed to "a contingency

---

*Pier 59 Studios L.P.*, 18-CV-10357 (VSB), 2020 WL 8678094, at *1 (S.D.N.Y. Sept. 10, 2020) ("Plaintiff's calculation of potential recovery does not appear to include the possibility of liquidated damages, which FLSA authorizes at a rate of 100 percent of unpaid wages").

fee" of "thirty-three percent . . . of the net recovery." (Doc. 19-2.) "Plaintiff's counsel discounted their fees because the case was able to settle at such an early juncture." (Settlement Ltr. 4.)

I find the amount of fees and costs requested in this case is fair and reasonable. The requested amount is both less than the one-third amount routinely approved by courts in this circuit and provided for by Plaintiff's retainer agreement with counsel. The amount also represents a modest, approximately 1.25 lodestar multiplier on the submitted fees amount of $14,330. (*See* Docs. 19-3 & 19-4.)

### IV.     Conclusion

For the foregoing reasons, and having reviewed the parties' proposed settlement agreement in its entirety, I find that the settlement agreement is fair and reasonable. Accordingly, the motion to approve the settlement agreement of the parties is hereby APPROVED. The Clerk of Court is respectfully directed to close all open motions on the docket and to terminate this action.

SO ORDERED.

Dated:     May 24, 2022
           New York, New York

_____
Vernon S. Broderick
United States District Judge